NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Lemont LOVE,

                Plaintiff,

v.

SOUTH RIVER POLICE DEPT., et al.,

                Defendants.

Civ. No. 11-3765

MEMORANDUM OPINON &  ORDER

THOMPSON, U.S.D.J.

        Pending before the Court are two motions to dismiss.  The first motion filed by Defendants the Borough of South River, Police Chief John Bouthillette, Sgt. Joseph Grekoski and Officers Mario Pinto, Bruno Ferreira, Andrew King, Jonathan Minicapelli, Wesley Sanches, Peter Roselli and Alfonso Saucedo (collectively, "the Original Defendants"), aims to dismiss the Amended Complaint in part for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket #27].  Plaintiff Lemont Love opposed the Motion [28] and subsequently filed a request for leave to amend [35] to add Defendant Mark Tinitigan (together with the Original Defendants, "the Defendants"), which was granted on July 11, 2012 [36].  On July 25, 2012, the Defendants filed a Motion to Dismiss the Second Amended Complaint in part for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) [41].  Plaintiff Lemont Love opposes the Motion [43].   The Court has decided these motions after considering all of the parties' submissions and without oral arguments pursuant to Federal Rule of Civil Procedure 78(b).  For the following reasons, the Original Defendants' first motion to dismiss will be granted in part and denied in part and the Defendants' Motion to Dismiss the Second Amended Complaint will be granted.

## I.      BACKGROUND

This is a civil rights action filed by Plaintiff, an inmate at Northern State Prison in Newark, New Jersey, for damages and injunctive relief under 42 U.S.C. § 1983.  Plaintiff alleges that during the course of his interactions with the Original Defendants on August 17, 2009, October 3, 2009 and November 18, 2009, he was subjected to excessive force, illegal search and seizure, the filing of false charges, unlawful stop, unlawful arrest, and harassment, all in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff also alleges the torts of assault and negligence based on these incidents.  In his Second Amended Complaint, Plaintiff additionally alleges that Mark Tinitigan, the current Chief of the Police of the South River Police Department, violated his rights under the Fifth, Eighth, and Fourteenth Amendments by failing to properly investigate Plaintiff's internal affairs complaint against Defendants Roselli and Saucedo concerning the August 17, 2009 motor vehicle stop in which Plaintiff was issued a ticket for failure to wear a seat belt.  *See* (2d Am. Compl. at 5). Defendants have moved to dismiss portions of the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     LEGAL STANDARD

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis.  *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)).  Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff.  *Fowler*

*v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  But, the court should disregard any conclusory allegations proffered in the complaint.  *Id.*  Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'"  *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).  This requires more than a mere allegation of an entitlement to relief.  *Id.*  "A complaint has to 'show' such an entitlement with its facts."  *Id.*  A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged.  *Id*. at 210 (quoting *Iqbal*, 556 U.S. at 678).  Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief.  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  However, "[a] document filed pro se is to be liberally construed, . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

**III.   DISCUSSION**

In the first motion, Original Defendants proffer four reasons that Plaintiff's Amended Complaint should be dismissed, in part, pursuant to Federal Rule of Civil  Procedure 12(b)(6).  First, Original Defendants contend that Plaintiff's Section 1983 claims fail with respect to Chief Bouthillette since Plaintiff does not allege that Chief Bouthillette, as supervisor of the Defendant officers, was involved in, participated in, or directed the alleged wrongful acts committed by the Defendant officers.   Second, Original Defendants contend that Plaintiff's claims against Officers Roselli and Saucedo fail since the Amended Complaint was filed after the expiration of the two-year statute of limitation for § 1983 claims.  Third, Original Defendants contend Plaintiff's 42

U.S.C. §1983 Conspiracy Claims also fail as a matter of law since Plaintiff has not pled the requisite elements necessary to prove his cause of action.   Fourth, Original Defendants contend that Plaintiff's tort claims against all Defendants must be dismissed as Plaintiff failed to file a Tort Claims Notice within 90 days of accrual of his cause of action as required under the New Jersey Tort Claims Act, N.J.S.A. 59:8-1, *et seq.*

In the second motion, Defendants move to dismiss Plaintiff's claims against Defendant Tinitigan, arguing, inter alia, that: (1) Plaintiff's Fifth and Fourteenth Amendment claims fail because Plaintiff does not allege and cannot show any deprivation of the protectable interests of "life, liberty or property" that was implicated by Defendant Tinitigan's handling of the internal affairs investigation; and (2) Plaintiff's claim of an Eighth Amendment violation fails because Plaintiff did not suffer any cruel and unusual punishment as a result of Tinitigan's actions or inactions. (Def.'s Br. at 2).   Moreover, Defendants contend that even if the Court were to determine that Plaintiff's constitutional rights were somehow implicated by Tinitigan's actions, Tinitigan would be entitled to qualified immunity. (*Id.*).   The Court will address these arguments in turn.

A.  Claims Against Chief Bouthillette

In the Amended Complaint, Plaintiff raises two allegations regarding Chief Bouthillette. First, Plaintiff alleges that he has "been placed on notice of the abusive conduct of defendant Saucedo by a number of complaints, but has failed to take disciplinary action or otherwise to control his behavior." *See* (Am. Comp. at 9).   Second, that Chief Bouthillette's "deliberate indifference" contributed to and proximately caused a violation of Plaintiff's Eighth Amendment rights.  (*Id.* at 10).   The Original Defendants argue that these allegations on their face fail to state

a claim upon which relief can be granted since the allegations do not constitute a cause of action of supervisory liability.

It is well established that government officials cannot "be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior," rather a Plaintiff must show that each government official has violated the constitution through their own individual actions. *Cruz v Cnty. of Bergen*, No. 10–3322, 2011 WL 1211396, at *2 (D.N.J. Mar. 29, 2011) (quoting *Iqbal*, 129 S.Ct. at 1948). Consequently, to survive a motion to dismiss, a plaintiff bringing a section 1983 claim against named defendants in their individual capacities must allege sufficient factual matter to support a claim for one of the two forms of supervisory liability. The first form of supervisory liability requires the plaintiff to allege that the supervisor "established and maintained a policy, practice, or custom which directly caused [the] constitutional harm." *Santiago v. Warminster Twp.*, 629 F.3d 121,129 (3d Cir. 2010). This form of supervisory liability does not require the plaintiff to allege a direct act by the defendant that caused the constitutional violation. Rather, a plaintiff may establish liability under this first form by alleging that the defendant's policy, practice, or custom, when enforced by subordinates or third parties, caused the plaintiff harm under § 1983. *Id.*

A practice will constitute a "custom" when it is "so permanent and well-settled as to virtually constitute law," *Beck*, 89 F.3d at 971. Custom "may also be established by evidence of knowledge and acquiescence." *Id.* Additionally, the Court may find an official policy where the defendant enjoyed final authority to establish policy and issued "an official proclamation, policy, or edict." *Id.*

The second form of supervisory liability under § 1983 requires a plaintiff to allege

that the supervisor "participated in violating plaintiff's rights, directed others to violate them, or, as a person in charge, had knowledge of and acquiesced in his subordinates' violations." *Santiago*, 629 F.3d at 129. To establish a claim under the second form of supervisory liability, Plaintiff would have to allege a direct and affirmative act by the Defendant, whether in the form of acquiescence or direct participation, that resulted in an infringement of his constitutional rights. Additionally, supervisory liability requires the plaintiff to show "a causal connection between the supervisor's actions and the violation of plaintiff's rights." *Okocci v. Klein*, 270 F. Supp. 2d 603, 612 (E.D. PA. 2003).

Liberally construing the Amended Complaint and subsequent submissions, it appears that Plaintiff is alleging this second form of supervisory liability. Because the Complaint must be "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson,* 551 U.S. at 94, and because many of the allegations in the Amended Complaint require a context specific inquiry and necessitate the development of the factual record before the Court can decided whether, as a matter of law, Chief Bouthillette could be liable, the Court declines to dismiss the Amended Complaint as to Chief Bouthillette at this time. Original Defendants' arguments, which are certainly colorable, are best addressed by way of a motion for summary judgment after discovery has concluded.

B.     Claims Against Officers Roselli and Saucedo

In the Amended Complaint Plaintiff brings § 1983 claims against Officers Roselli and Saucedo based on the verbal and physical abuse that allegedly occurred during the course of his August 17, 2009 arrest. Plaintiff claims he was harassed and issued a frivolous ticket for failure to wear a seatbelt during this incident. Original Defendants contend that the claims fail as a matter of law since they were not commenced within the two year statute of limitations period

after accrual of Plaintiff's cause of action.  Although the Original Defendants note that Plaintiff filed his initial Complaint on June 28, 2011, they contend "a review of this initial pleading reveals that no allegations are made therein pertaining to the August 17, 2011 incident." (Defs.'Br. at 14).  The Court disagrees.

In the initial Complaint filed by Plaintiff he alleges the following:

> After I got out of the hospital I filed charges against the officers that assaulted me with the court administrator in South River.  I did the same everytime [sic] they gave me frivolous tickets.  The outcome is still pending.

(Compl. at 4).  Liberally construing the Complaint, the Court believes that the August 17, 2009 incident is referenced when Plaintiff contends that he filed charges every time they gave him frivolous tickets.  Consequently, the Court declines to dismiss the claims against Roselli and Saucedo at this time.

C.  Conspiracy Claims

In the Amended Complaint, Plaintiff seemingly alleges that Defendants conspired to deprive him of his constitutional rights.  Defendants contend that Plaintiff has failed to plead any of the particulars required to proceed with a § 1983 conspiracy claim.  The Court agrees.

To properly state a § 1983 conspiracy claim, a plaintiff must allege that "persons acting under color of state law conspired to deprive him of a federally protected right." *Perano v. Twp. of Tilden*, No. 10–2393, 2011 WL 1388381, at *4 (3d Cir. Apr.13, 2011) (quoting *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 245 (3d Cir.1999)).  A plaintiff must allege conspiracy with particularity, setting forth "allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Shearin v. E.F. Hutton Grp., Inc*., 885 F.2d 1162, 1166 (3d Cir. 1989), *abrogated on other grounds by Beck v. Prupis*, 529 U.S. 494 (2000).  Plaintiff has alleged no specific facts

from which the Court could find the existence of the elements of a conspiracy—namely, agreement and concerted action. *Startzell v. City of Phila*. 533 F.3d 183, 205 (3d Cir. 2008). Consequently, the Court will dismiss the § 1983 conspiracy claim.

D. Tort claims

In addition to his § 1983 claims, Plaintiff asserts the causes of action of negligence, and aggravated assault. Defendants maintain that these counts must be dismissed because Plaintiff failed to file a Tort Claims Notice with the Borough of South River. The Court agrees.

Plaintiff was required to file a Notice of Tort Claim with South River within 90 days of accrual of his cause of action in order to assert his tort claims of negligence and assault. *See* N.J.S.A. 59:8-3, -8; *Cnty. Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 174 (3d Cir. 2006). His failure to do so, or to file a motion within one year of accrual of the cause of action for leave to file a late notice of tort claim, pursuant to N.J.S.A. 59:8-9, extinguishes his ability to recover on his tort claims. Consequently, the Court will dismiss these counts.

E. Claims against Tinitigan

In the Second Amended Complaint, Plaintiff alleges that Tinitigan "fabricat[ed] evidence and falsif[ied] reports" in connection with his internal affairs complaint on August 17, 2009, and that such actions by Tinitigan "were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment . . . ." (2d Am. Comp. ¶ 10). Further, Plaintiff alleges that such actions were also "committed to deprive Plaintiff of life, liberty or property without due process of law in violation of . . . [the] Fifth and Fourteenth Amendments . . . ." (*Id.*). Defendants maintain that these conclusory statements are insufficient to sustain a §1983 claim as to Defendant Tinitigan. The Court agrees.

Plaintiff's sole argument is that Chief Tinitigan was allegedly not an impartial fact finder with respect to the internal affairs complaint.  However, Plaintiff has not demonstrated that the dismissal of his internal affairs complaint deprived him of a right to be heard, which is required to prove a deprivation of a protected property right. *See Abott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998).

Moreover, even after reading the complaint and the investigative report incorporated by reference, in the light most favorable to the Plaintiff, the Court is not convinced that Plaintiff has plead sufficient facts to allow a court reasonably to infer that the defendant is liable for the misconduct alleged.  *See Fowler*, 578 F.3d at 2010.  Although, as a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings, *see In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d. 1410, 1426 (3d. Cir. 1997), an exception to the general rule is that a "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment." *Id.* (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir.1996)).  Plaintiff alleges that Tinitigan "fabricated" his report in connection with his internal affairs complaint by "concocting a story . . .  in which Plaintiff and Saris *said* they no longer wished to pursue the matter."  (Pl.'s Opp'n at 2) (emphasis added).  However, after reviewing the report, the Court finds such claim insufficiently plausible to withstand the motion to dismiss.   In the report, Tinitigan specifically states that "based on the fact that this Officer *believes* that both Officer Roselli and Officer Saucedo acted in a professional manner and that both parties did not wish to pursue the matter, this Officer *believes* that the alleged allegations did not occur."   (Thibault Certification, Ex. B at 4–5) (emphasis added).  Although an investigative report "necessarily involves some characterizations, and the evaluative and factual portions are not segregable," *see Burke v. N.Y.*

9

*City Police Dep't*, 115 F.R.D. 220, 232 (S.D.N.Y. 1987), the Court does not believe that Tinitigan's admittedly subjective conclusions would allow a Court to reasonably infer that he would be liable for the misconduct alleged.  Moreover, as the investigative report itself demonstrates, Plaintiff was able to challenge the issuance of the ticket in municipal court. Therefore, Plaintiff suffered no deprivation.

Nor has Plaintiff alleged sufficient facts to suggest that Chief Tinitigan can be held liable under the theory that the actions of Chief Tinitigan rise to level of cruel and unusual punishment. Simply put, even assuming Chief Tinitigan mishandled the internal affairs investigation, such action hardly amounts to the unnecessary and wanton infliction of pain contemplated by the Eighth Amendment.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Consequently, the claims against Chief Tinitigan will be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, IT IS, on this 6th day of September, 2012,

ORDERED that Defendants' Motion to Dismiss the Amended Complaint in part for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket #27] is GRANTED IN PART and DENIED IN PART; and it is

ORDERED that Plaintiffs' conspiracy and tort claims are hereby DISMISSED; and it is further

ORDERED that Defendants' Motion to Dismiss the Second Amended Complaint in part for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket #41] is hereby GRANTED; and it is further

ORDERED that all claims concerning Chief Mark Tinitigan are hereby DISMISSED; and it is finally

ORDERED that a copy of this Memorandum Opinion & Order be mailed to Plaintiff.


/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.